(15 App. Div. 480.)

SCHARF v. WARREN–SCHARF ASPHALT PAVING CO. et al.

(Supreme Court, Appellate Division, First Department. March 19, 1897.)

CORPORATIONS—ACTIONS BY STOCKHOLDERS AGAINST OFFICERS—PLEADING.
    In an action by a stockholder to require the officers to account for a breach of their trust, allegations as to the dealings of the officers with the corporate property are material and proper allegations in the complaint.

Appeal from special term, New York county.

Action by Samuel R. Scharf against the Warren-Scharf Asphalt Paving Company and others for an accounting. From an order denying a motion to strike out some of the allegations in the complaint as irrelevant, immaterial, redundant, and scandalous, and for a bill of particulars as to other allegations, defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

William P. Williams, for appellants.

A. Walker Otis, for respondent.

INGRAHAM, J. The order appealed from denies a motion to strike out a large portion of the complaint as irrelevant, immaterial, and redundant, and one section (15) as scandalous, and also a motion for a bill of particulars. The complaint is extremely voluminous, and it is somewhat difficult to see how many of the facts alleged are material. The action is in equity, by a stockholder of the defendant corporation, and is to compel an accounting between the officers of the defendant corporation for such sums as are due to it from them, or either of them, and to require them to pay into the company any sum which may be found due, and also for an accounting between the defendant the Warren-Scharf Asphalt Paving Company and the defendant the Warren Chemical & Manufacturing Company as to the

business dealings between these two corporations, declaring void certain stock issued to the individual defendants, with a demand for a temporary injunction pending final judgment, and for such further relief, etc. The foundation for the plaintiff's claim for relief is a violation of trust by the individual defendants as the officers or trustees of the defendant company. Where an equitable action is commenced to require the officers or trustees of a corporation to account to the corporation for a breach of their trust, allegations as to the dealings of the officers or trustees of the corporation with the corporate property would seem to be material and proper allegations in the complaint. The plaintiff, in such a case, always labors under the disadvantage of the great difficulty in obtaining an accurate knowledge of the facts in relation to the management of the affairs of the corporation by its officers, where such officers have complete control, and where they are, if false to their trust, interested in concealing the transactions. In such an action, therefore, I think the court should be careful to see that the facts alleged cannot be material before striking out from a complaint any allegation as to the relation of the officers or trustees of the company to the company, as such allegations, if the officers were honest, could be easily answered; and, the burden to prove being upon the plaintiff, if the charges are without foundation, the plaintiff would be unable to sustain the allegations. Applying this test to the complaint in question, it is quite clear that paragraph 4 of the complaint is entirely immaterial, and should be stricken out; also, paragraph 5, down to the allegation commencing at folio 31 of the printed case, "That in January, 1884, defendant the Warren Chemical & Manufacturing Company was engaged in the asphalt roofing business, and one Cyrus M. Warren was its president;" this last clause to remain in. Paragraph 6 of the complaint would appear to relate to the action of the defendants in their relation to the business of the corporation, and should not be stricken out. The same may be said of paragraph 7 of the complaint, and also of paragraph 8, except the last clause thereof, commencing, "That plaintiff's labors in behalf of said company have materially contributed to the earnings," to the end of the paragraph. Paragraph 9 is clearly material, as it alleges who the persons are who were the officers of the company during the times mentioned in the complaint. Paragraph 10 seems to me quite material, except the last clause of the paragraph, beginning at folio 40, with the words, "That the reason for this enormous profit lies in the fact," to the end of the clause. Paragraph 11, alleging the profits of the Warren-Scharf Asphalt Paving Company, is quite material, and should not be stricken out. Paragraph 12 of the complaint is also material. Paragraph 13 is material as showing the statement of the defendants as to the financial condition of the company on January 15, 1895. Paragraph 14 is material as referring to the figures stated in the report of the financial condition of the company. Paragraph 15 seems to be entirely immaterial. If material, it is mere evidence, and not a fact that should be alleged in the complaint. It should be stricken out. Paragraph 16 is quite material, as alleging the acts of the individual defendants, and expressly charges them with fraud in their dealings with the stock of the corporation. Paragraph 17 is entirely imma-

terial, as merely referring to the value of the services of the plaintiff rendered under a contract with the corporation, and should be stricken out.

The order appealed from is therefore reversed, with $10 costs and disbursements of the appeal, and the motion below granted to the extent therein indicated, with $10 costs of the motion, to abide the event of the action.

As to the motion for a bill of particulars, I think it properly denied. As before stated, this being an action in equity, and no answer having yet been served, it is quite clear that a bill of particulars is not necessary to enable the defendant to answer the complaint. If, after answer, a bill of particulars should become necessary, a motion for such particulars may then be made. All concur.

---

(15 App. Div. 181.)

### ULSTER COUNTY SAV. INST. v. YOUNG.

(Supreme Court, Appellate Division, Third Department. March 8, 1897.)

OFFICIAL BONDS—CONDITION—LIABILITY—HOLDING OVER.

